UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH J. GENTILE, JR.,

                    Petitioner,

-against-

SUPERINTENDENT, MOHAWK
CORRECTIONAL FACILITY,

                    Respondent.

23-CV-0542 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, who is currently incarcerated at Mohawk Correctional Facility in Rome, New York, proceeds *pro se*. On January 20, 2023, the court received a letter from Petitioner in which he challenges his January 3, 2007, conviction in the New York Supreme Court, Queens County. (ECF 1); *see also People v. Gentile*, 73 A.D. 944 (2d Dep't May 11, 2010), *leave to appeal denied*, 15 N.Y.3d 851 (2010). The Clerk of Court opened Petitioner's submission as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254.[1] For the reasons set forth below, the Court transfers this action to the United States Court of Appeals for the Second Circuit.

## DISCUSSION

      Because Petitioner seeks to challenge his state court conviction, the proper jurisdictional basis for the application is a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. *See Cook v. New York State Div. of Parole*, 321 F.3d 274 (2d Cir. 2003). A review of the Public Access to Court Electronic Records (PACER) database shows that Petitioner filed a previous application for relief under Section 2254 challenging the same conviction. *See Gentile v. Larkin*,

---

[1] Petitioner included on his letter the docket number of another case of his that is currently pending in this court, *Gentile v. Latona*, No. 22-CV-8411 (LTS). In that action, Petitioner is challenging the administration of his sentence by officials at Fishkill Correctional Facility. Because his submission here challenges the legality of his conviction, as opposed to the administration of his sentence, the Clerk of Court opened it as a new civil action.

No. 12-CV-0055 (ERK), 2018 WL 1459449, at *1 (E.D.N.Y. Mar. 23, 2018) (denying petition for a writ of *habeas corpus* under 28 U.S.C. § 2254), *appeal dismissed*, No. 18-1046 (2d Cir. Sept. 24, 2018). The Court, therefore, is not required to provide Petitioner an opportunity to withdraw this application before it is recharacterized as a Section 2254 Petition. *See Jiminian v. Nash*, 245 F.3d 144, 148 (2d Cir. 2001).

Because Petitioner's previous application for relief under Section 2254 was decided on the merits, this application is a second or successive petition. *See Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002). Before a second or successive Section 2254 *habeas* petition is filed in a district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A). Petitioner must therefore move in the United States Court of Appeals for the Second Circuit for permission to pursue this application.[2] Because second or successive petitions should be transferred to the appropriate court of appeals, *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996) (*per curiam*), in the interest of justice, the Court transfers this motion to the Court of Appeals for the Second Circuit.

**CONCLUSION**

In the interest of justice, the Court transfers the petition to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631; *see also Liriano*, 95 F.3d at 122-23. This order closes this case.

---

[2] Any motion to the Court of Appeals must show that: (A) the claim being raised by the petition "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or (B) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(i)-(ii).

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 15, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge